IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

SYLVESTER BARBER                                                                              PLAINTIFF
ADC #87336

V.                                            NO. 5:05CV00347 JLH/JWC

THOMAS HURST, et al                                                                      DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I. Instructions**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR  72201-3325

## II.  Recommended Disposition

Plaintiff is a pro se inmate currently confined to the Delta Unit of the Arkansas Department of Correction ("ADC").  On December 16, 2005, he filed this action pursuant to 42 U.S.C. § 1983 (docket entry #2).

On February 2, 2006, Defendants Hurst, Moore, Atkins, Rowland, and Morris filed a motion to dismiss (or, in the alternative, a motion for summary judgment) and brief in support (docket entries #12, #13) seeking to dismiss Plaintiff's complaint on the grounds that he has failed to exhaust his administrative remedies, he has failed to state a claim upon which relief can be granted, and his claims are barred by the doctrines of sovereign and qualified immunity.  On March 2, 2006, Defendant Foote filed a motion to dismiss (or, in the alternative, a motion for summary judgment) and brief in support (docket entries #19, #20) seeking to dismiss Plaintiff's complaint on identical grounds.

By orders entered February 3, 2006, and March 3, 2006 (docket entries #15, #21), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendants' motions.  In addition, Plaintiff was advised that since Defendants had attached evidence

to their briefs, the Court may construe the motions as ones for summary judgment. Plaintiff was therefore advised that his response to Defendants' motions could include opposing or counteraffidavits, executed by him or other persons, which had either been sworn to under oath, i.e., notarized, or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746. Pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff was also advised to file a separate, short and concise statement setting forth the facts which he thought needed to be decided at a trial. Plaintiff has filed timely responses (docket entries #17, #23).

### III.  Background

According to Plaintiff's complaint (docket entry #2), as well as his responses to Defendants' motions (docket entries #17, #23), on August 14, 2005, sometime between 11:00 a.m. and 12:00 p.m., inmate M. Parker breached Varner Unit security and was able to move from the #9 barracks to the #3 barracks without being detected or questioned by Defendants. When inmate Parker entered the #3 barracks, he assaulted Plaintiff and stabbed him at least three times in his arm and upper stomach. Plaintiff contends that once Defendants realized their error they tried to cover up the incident by writing him a bogus disciplinary and placing him in punitive isolation. On August 17, 2005, Plaintiff was found not guilty of the charges and his disciplinary was dismissed. Two days later inmate Parker was placed on Plaintiff's enemy alert notification list (see docket entry #13, Exhs. 3 & 4). Plaintiff requests damages and unspecified injunctive relief.

## IV.  Standard

Summary judgment[1] is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences.  Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999).  A moving party is nevertheless entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial.  Celotex, 477 U.S. at 322-23.  To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists.  Id. at 324; Fed. R. Civ. P. 56(e).  A nonmovant has an obligation to present affirmative evidence to support his claims.  Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993).  A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment.  Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994).  Moreover, pro se complaints must be liberally construed and held

---

[1] The Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of the plaintiff's pleadings before the defendant's answer is due.  However, if a 12(b)(6) motion is based on evidence outside the pleading, the motion may be converted to a motion for summary judgment.  Id. 12(b). Generally, if the court considers the evidence, the motion must be converted to a motion for summary judgment.  Id.  Because Defendants attached evidence to their briefs in support of their motions which the Court relies upon, and since Plaintiff has been given the opportunity to respond to Defendants' motions thus negating any potential claim of unfair surprise, Defendants' motions will be construed as ones for summary judgment.  Id. 56.

"to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## V.  Analysis

Defendants first contend that Plaintiff has failed to exhaust his administrative remedies with respect to Defendants Hurst, Moore, Atkins, Rowland, and Morris because he did not individually name them in his grievance concerning the incident at issue herein. The Eighth Circuit has held that administrative exhaustion is an affirmative defense that must be raised by defendants. See Guerra v. Kempker, 134 Fed. Appx. 112 (8th Cir. 2005) (unpub. per curiam) (citing Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam)) (district court erred in dismissing complaint sua sponte for failure to exhaust administrative remedies; failure to exhaust is an affirmative defense, and plaintiff need not plead that he has exhausted his remedies in order to avoid pre-service dismissal). Defendants have raised this defense in their motions to dismiss.

An inmate must exhaust all available administrative remedies prior to initiating a § 1983 prison conditions suit.  42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted"); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of § 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory"); Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (holding that "all available prison grievance remedies must be exhausted as to all of the [plaintiff's] claims"); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001) (stating that "if administrative remedies are available, the prisoner must exhaust

them," regardless of his subjective beliefs about their availability). Exhaustion of remedies requires the inmate to first attempt informal resolution and then to timely file and appeal a particular grievance through several administrative levels. Plaintiff was required to appeal his grievance(s) to the highest administrative level, the Deputy/Assistant Director of the ADC. See ADC Adm. Dir. 04-01 § IV(G)(5) (February 1, 2004).

In his complaint, Plaintiff raises two separate and distinct claims: (1) that each Defendant had a duty, and failed to, protect him from the assault; and (2) that Defendants conspired to cover up their violation of his constitutional rights by punishing him without justification (i.e., issuing a bogus disciplinary that resulted in punitive isolation prior to reversal). Plaintiff has provided the Court with the sole grievance in connection with this matter (see docket entries #2, #17, attachments). In his informal resolution of Grievance No. VSM-05-01791, Plaintiff grieves the August 14, 2005, stabbing by inmate M. Parker and holds Defendant Foote responsible for the security breach since she was on duty and allowed Parker access to Plaintiff's barracks. He makes no allegation of a conspiracy to cover up the violation of his constitutional rights by punishing him without justification, nor does he name Defendants Hurst, Moore, Atkins, Rowland, and Morris in his grievance.

The Eighth Circuit has recently mandated the dismissal of § 1983 complaints pursuant to § 1997e(a) based on the inmate's failure to identify by name during the grievance process each individual defendant he later sued in federal court. See Abdul-Muhammad, et al. v. Kempker, 450 F.3d 350, 351-52 (8th Cir. 2006) ("a prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in

at least one of the grievances").[2]  The law on this issue is clear, Plaintiff is required to exhaust all available prison grievance remedies as to all claims he asserts prior to filing suit.  Although Plaintiff has exhausted his failure to protect claim as to Defendant Foote, he did not exhaust his due process conspiracy claim as to any of the named Defendants.  Moreover, Plaintiff is required to identify by name during the grievance process each individual defendant he later sues in federal court, which he failed to do.  Failure to comply, or compliance in part, produces the same result: a dismissal, without prejudice, of his entire complaint.  Abdul-Muhammad, 450 F.3d at 352; Johnson, 340 F.3d at 627; Graves, 218 F.3d at 885.  For each of these reasons, Defendants' motions should be granted.  Analysis of Defendants alternate grounds for dismissal is unnecessary.

## VI. Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.  Defendants' motions to dismiss (or, in the alternative, motions for summary judgment) (docket entries #12, #19) should be GRANTED and Plaintiff's complaint should be dismissed in its entirety WITHOUT PREJUDICE.

2.  Any remaining pending motions should be DENIED AS MOOT.

---

[2] Citing Dodson v. Norris, 168 Fed. Appx. 141 (8th Cir. 2006) (per curiam) (affirming dismissal of complaint for failure to exhaust when plaintiff did not file grievances against certain defendants named in complaint); Coleman v. Kemna, 83 Fed. Appx. 140, 141 (8th Cir. 2003) (per curiam) (affirming dismissal of complaint when plaintiff did not file a grievance against a prison official named in complaint); Grady v. Cross, 76 Fed. Appx. 760, 761 (8th Cir. 2003) (per curiam) (affirming dismissal because plaintiff "did not file and exhaust a grievance against . . . a named defendant" before filing complaint); Love v. May, 63 Fed. Appx. 282, 283 (8th Cir. 2003) (per curiam) (affirming dismissal because plaintiff did not file grievances against three defendants named in complaint).

    3.    The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

    DATED this 28th day of August, 2006.

                                                       UNITED STATES MAGISTRATE JUDGE